# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSE S. LIZAMA-VILLA

      Petitioner,

v.                                                No. CV 03-1421 MCA/WDS

UNITED STATES OF AMERICA

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

      This is a proceeding on a Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255. On September 11, 2002, Petitioner Jose S. Lizama-Villa pled guilty to Count Five of a five count indictment charging him with a violation of 21 U.S.C. §846, that being conspiracy to violate 21 U.S.C. § 841(b)(1)(B). Counts One through Four were dismissed on the motion of the United States. On December 30, 2002, Petitioner was sentenced to 70 months imprisonment to be followed by four years of unsupervised release.

      In his §2255 petition, Petitioner alleges that he was denied effective assistance of counsel from his court appointed attorney. Specifically, Petitioner presents two separate grounds that he contends support his ineffective assistance of counsel claim. First, that his attorney failed to argue the low purity of the controlled substances as a basis for downward departure. Second, that his attorney failed to effectively attack the over-representation of his criminal history points and/or correct a

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

miscalculation of those points.

BACKGROUND

On April 10, 2002, Petitioner was indicted in the District of New Mexico on four counts of distributing heroin in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) and one count of conspiracy in violation 21 U.S.C. §846. The underlying criminal conduct in Count Five involved distributions of the following controlled substances:

1) October 2, 2001 – 25.3 net grams of heroin (16.2 grams pure drug or 64% pure heroin.

2) October 6, 2001 – 25.2 net grams of heroin (15.6 grams pure drug or 62% pure heroin.

3) October 17, 2001 – 49.7 net grams of heroin (22.9 grams pure drug or 46% pure heroin.

4) November 5, 2001 – 25.4 net grams of heroin (11.8 grams pure drug or 48% pure heroin.

Respondent's Response, p. 2, citing discovery documents in CR-02-561.

On September 11, 2002, Petitioner pled guilty to the one count of conspiracy and the remaining four counts were dismissed on the motion of the United States. The Presentence Investigation Report (PSR), prepared by a United States Probation Officer, calculated Petitioner's base offense level to be 26 (USSG §2D1.1(7) -- conspiring to distribute 124.7 net grams of heroin) with an adjustment for acceptance of responsibility of -3, for a total offense level of 23. PSR, p. 7-8. Petitioner's criminal history points totaled 7, which established a criminal history category of IV. PSR, p. 8-9. This total was based on 2 points for a California conviction for possession of narcotic controlled substance (cocaine), 2 points for a California conviction for possession of narcotic controlled substance for sale (heroin), 2 points for committing the instant offense while under a

2

criminal justice sentence (California conviction) and 1 point for committing the instant offense less than two years of Petitioner's release from custody (California conviction). *Id.* The probation office did not find any factors that would warrant a downward departure. In so finding, the PSR at page 14 states:

> A departure does not appear warranted after a review of the defendant's criminal conduct, his prior criminal record, and his personal circumstances. Particularly, the defendant's criminal history category does not appear to be overstated. The defendant has two prior drug convictions, including one which is a drug trafficking crime. The guidelines 4A1.1(d) and (e), provide for additional points for defendants who commit crimes while on a criminal justice sentence and also for defendants who commit crimes within two years of being release [sic] from imprisonment. As a result, the defendant's [sic] clearly falls within criminal history category IV.

On January 22, 2003, District Court Judge Christina Armijo sentenced Petitioner to 70 months of incarceration to be followed by a four year period of unsupervised release.

## ANALYSIS OF CLAIMS

In this case, Petitioner alleges two claims of error, both involving ineffective assistance of counsel claims. The first claim of error by Petitioner is that his counsel failed to argue the purity of the controlled substance that was confiscated from him as basis for a downward departure. Petitioner's second claim involves his criminal history points. He asserts that his counsel failed to effectively attack the excessive criminal history points that were given on all his prior convictions; that his criminal history range was mistakenly miscalculated; and, that there was a miscalculation on the levels given for his present conviction.

The two-prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984) governs ineffective assistance of counsel claims. *E.g., Mayes v. Gibson,* 210 F.3d 1284 (10th Cir.), *cert. denied,* 121 S. Ct. 586 (2000). Petitioner must show both (1) that counsel's performance was

3

deficient and (2) that this deficiency prejudiced his defense. *Strickland,* 466 U.S. at 687. An ineffective assistance of counsel claim fails if either of the *Strickland* prongs are not met. It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course. *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir.), *cert. denied,* 528 U.S. 953 (1999); *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998), *cert. denied,* 528 U.S. 834 (1999).

Petitioner must first show that counsel's representation was "objectively unreasonable." *E.g. Clayton v. Gibson,* 199 F.3d 1162, 1177 (10th Cir. 1999), *cert. denied,* 121 S. Ct. 100 (2000). In doing so, he must overcome the strong presumption that counsel's conduct falls within the wide range of competence demanded of attorneys in criminal cases. *Gillette v Tansy*, 17 F.3d 308, 310 (10th Cir. 1994). This Court must consider all the circumstances, making every effort to "eliminate the distorting effects of hindsight," and to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. To be constitutionally ineffective, counsel's conduct "must have been completely unreasonable, not merely wrong." *Moore v. Gibson,* 195 F.3d 1152, 1178 (10th Cir. 1999), *cert. denied,* 120 S. Ct. 2206 (2000).

Petitioner must also demonstrate that he was prejudiced as a result of his counsel's deficient performance. To demonstrate prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors "he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 559 (1985). A petitioner's mere assertion that he would have opted for trial is not enough to satisfy the prejudice prong.

### PETITIONER'S COUNSEL DID NOT PROVIDE INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO ARGUE FOR DOWNWARD DEPARTURE BASED ON THE LEVEL OF THE PURITY OF THE CONTROLLED SUBSTANCE

Petitioner argues that the level of the purity of the controlled substance in his case was so low

that it cannot have been considered to have been much more than cut heroin. Petition, p. 5. Petitioner contends that this fact should have been brought to the attention of the Court by his attorney as a basis for a downward departure. *Id.* As noted above, the purity of the controlled substance involved in Count 1 was 65% pure heroin, for Count 2 it was 62% pure heroin, for Count 3 it was 46% pure heroin, and for Count 4 it was 48% pure heroin

Under the first prong of the *Strickland* test, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Specifically, Petitioner must show that it was unreasonable for his counsel not to argue that Petitioner was entitled to a downward departure because the level of purity of the controlled substance was so low. In order to make this determination, this Court must first ascertain whether Petitioner raises a meritorious issue under the Sentencing Guidelines. If Petitioner's claim has some merit under the Sentencing Guidelines, then we must determine whether Petitioner's counsel was deficient in not raising said claims. However, if Petitioner's claim has no merit under the Sentencing Guidelines then his counsel could not have been ineffective in failing to raise a claim that was non-meritorious. *Foster v. Ward*, 182 F.3d 1177 (10th Cir. 1999).

In this case, Petitioner's claims fail for two reasons. First, although the purity of a controlled substance may be grounds for an upward departure, it is not necessarily grounds for a downward departure. USSG §2D1.1, Commentary Note 9. Note 9 specifically indicates that an upward departure may be appropriate where the controlled substance is of an unusually high purity but does not discuss options when there is a low purity involved. Given the Sentencing Commission's omission of any discussion of a downward departure for low drug purity, other circuits have rejected downward departures for low quality drugs. *See, United States v. Gori,* 324 F.3d 234 (3rd. Cir. 2003)

(to depart downward based on the low quality of a drug is an improper exercise of discretion); *United States v. Beltran*, 122 F.3d 1156, 1159-60 (8th Cir. 1997) (holding that the district court did not have authority to depart downward under note 9 based on low purity of methamphetamine involved in case); *United States v. Upthegrove*, 974 F.2d 55, 56 (7th Cir. 1992) (holding that note 9 did not authorize downward departure based on drug purity); *United States v. Davis,* 868 F.2d 1390, 1393 (5th Cir. 1989) (not entitled to a reduction in offense level because of the purity of drug); *cf. United States v. Mikaelian*, 198 F.3d 380, 390 (9th Cir. 1999) ("the low purity of heroin involved in a crime cannot be categorically excluded as a basis for a downward departure"). In a 1995 unpublished decision, the 10th Circuit declined to allow a downward departure for low quality drugs. *United States v. Williams,* 51 F.3d 287 (10th Cir. 1995). Although an unpublished opinion, this Court finds that the *Williams* decision *has persuasive value with respect to a material issue that has not been addressed in a published opinion and would assist the court in its disposition* in this matter. Accordingly, this Court finds that Petitioner's claim that the alleged low purity in his case should have been brought to the attention of the Court as a basis for downward departure is without merit.

Furthermore, the controlled substance distributed by Petitioner did not have a low purity level. Cases addressing the purity of "street" heroin have identified the drug's average purity anywhere from 2% to 20%. *See, e.g., United Sates v. Gibson,* 105 F.2d 1229, 1235 (8th Cir. 1997) (lower level dealers would sell diluted 2% to 7% pure heroin); *United States v. Edwards*, 77 F.3d 968, 976 (7th Cir. 1996) (pure heroin usually diluted before street sale, in the case to less than 5% purity); *United States v. Cardenas*, 9 F.3d 1139, 1145 (5th Cir. 1993) (user heroin is of less than 10% purity); *United States v. McMillen,* 8 F.3d 1246, 1252 n. 2 (7th Cir. 1993) (user strength heroin was 7% – 11%); *United States v. Smiley*, 997 F.2d 475, 477 (8th Cir. 1993) (most heroin in Kansas City

had purity levels from 2% – 4%); *United States v. Ihegworo*, 959 F.2d 26, 2 (5th Cir. 1992) (average purity of street heroin is 13% – 20%); *United States v. Pugliese,* 712 F.2d 574, 1580 (2nd Cir. 1983) (purity of heroin in New York City might be 2% – 3%). The controlled substance in Petitioner's case ranged from 65% pure heroin to 46% pure heroin.

As Petitioner's claim that he was entitled to a downward departure for the low purity level of the controlled substance in case his without merit, this Court finds that his attorney did not fail to provide effective assistance of counsel when he did not argue for downward departure on that ground.

### PETITIONER'S COUNSEL DID NOT FAIL TO PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO CORRECT THE ALLEGED OVER-REPRESENTATION OF HIS CRIMINAL HISTORY POINTS

Petitioner alleges the following with respect to his second claim of ineffective assistance of counsel:

> Movant also asserts that his former counsel failed to effectively attack the excessive Criminal History Points that were given on all his prior convictions. Movant's Criminal History range was mistakingly [sic] miscalculated. It is also believed to be a miscalculation on the levels given for the present conviction.

Petition, p. 5. The United States Sentencing Guidelines provide, "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history . . . a downward departure may be warranted." USSG §4A1.3(b). Accordingly, this Court must make a determination as to whether there was reliable information that indicated that Petitioner's criminal history category substantially over-represented the seriousness of Petitioner's criminal history. However, Petitioner did not provide any specific information to this Court regarding these or other alleged miscalculations. Respondent carefully set forth the process

of how Petitioner's criminal history points were calculated and Petitioner has failed to make any showing of error in that calculation. Moreover, Petitioner has failed to provide this Court with any information regarding the grounds for an attack on his "excessive Criminal History points that were given on all his prior convictions."

In order to support an ineffective assistance of counsel claim, Petitioner must show both that his counsel's performance was deficient and that this deficiency prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). An ineffective assistance of counsel claim fails if either prong is not met and Petitioner has failed to meet either prong. He has not provided this Court with any facts or information that would support his allegation regarding his criminal history points. Nor has he made any showing that he was prejudiced in any way by his counsel's actions or alleged inactions. Thus, his claim that his counsel was ineffective regarding this issue must fail.

## CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's Petitioner Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody be DENIED, and that this cause be dismissed with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**